UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-cv-03336 (DSD/BRT)

SAM JASMINE,

      Plaintiff,

v.                                    **ANSWER**

UNITED STATES OF AMERICA,

      Defendant.

Defendant United States of America ("United States"), for its answer to Plaintiff's Complaint, denies all allegations in the Complaint except as specifically admitted herein, and states as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains Plaintiff's allegations as to subject matter jurisdiction to which no answer is required; to the extent an answer is deemed required, Defendant United States admits only that Plaintiff filed suit pursuant to the Federal Tort Claims Act ("FTCA"), but denies that she is entitled to any relief under the FTCA, and denies the remaining allegations in Paragraph 1.

2. Defendant United States admits only that the United States Postal Service ("USPS") received an administrative claim from Plaintiff on or about April 17, 2018, and that Plaintiff's claim was subsequently denied by the USPS. Defendant United States denies the remaining allegations in Paragraph 2.

3. Paragraph 3 contains Plaintiff's allegations as to venue to which no answer is required; to the extent an answer is deemed required, Defendant United States admits the collision giving rise to the Complaint occurred within the District of Minnesota. Defendant United States denies the remaining allegations in Paragraph 3.

## THE PARTIES

4. Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. Paragraph 5 contains legal conclusions to which no answer is required; to the extent an answer is deemed required, Defendant United States admits only that Plaintiff filed suit pursuant to the FTCA, but denies that she is entitled to any relief under the FTCA.

6. Defendant United States admits that, at the time of the collision giving rise to the Complaint, Janet Rath was acting in the scope of her employment with the USPS, and denies the remaining allegations in Paragraph 6.

## FACTS

7. Defendant United States admits only that, on or about the time of the occurrence alleged in Plaintiff's Complaint, Plaintiff was a pedestrian in the vicinity of 34th Avenue N. and Sycamore Lane in Plymouth, Minnesota. Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies them.

8. Defendant United States admits only that, on or about the time of the occurrence alleged in Plaintiff's Complaint, Janet Rath was operating a USPS vehicle

which had turned onto 34th Avenue in Plymouth, Minnesota, and denies the remaining allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no answer is required; to the extent an answer is deemed required, Defendant United States denies the allegations in Paragraph 9.

10. Defendant United States denies the allegations in Paragraph 10.

11. Defendant United States admits the allegations in Paragraph 11.

12. Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

**PRAYER FOR RELIEF**

1. Paragraph 1 contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant United States denies the allegations contained in paragraph 1.

2. Paragraph 2 contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant United States denies the allegations contained in paragraph 2.

3. Paragraph 3 contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant United States denies the allegations contained in paragraph 3.

4. Paragraph 4 contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant United States denies the allegations contained in paragraph 4.

## AFFIRMATIVE DFENSES

1. The Complaint fails to state a claim upon which relief can be granted, having failed to establish the elements of a cause of action in negligence under Minnesota law.

2. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

3. Plaintiff's recovery is barred or limited due to her comparative fault.

4. The injuries and/or damages alleged in the Complaint, if any, were not actually or proximately caused by any negligent or wrongful act or omission of any employee of the United States acting within the scope of his or her employment with the United States; therefore, the United States is not liable.

5. The injuries and/or damages alleged by the Plaintiff in the Complaint, if any, were proximately caused by the intervening and/or superseding acts or omissions of persons other than an employee or agent of the United States and were not caused by any acts and/or omissions of any employee of the United States.

6. To the extent the law of Minnesota, where the alleged acts or omissions occurred, limits damages or limits a defendant's liability or a Plaintiff's cause of action, including but not limited to the Minnesota No-Fault Act, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

7. In the event the Court finds the United States negligent, which negligence the United States denies, then the negligence of Plaintiff exceeded that of the United States and the Plaintiff's claim is therefore barred.

8. In the event the Court finds the United States negligent, which negligence the United States denies, then any recovery by the Plaintiff from the United States must be reduced by the comparative fault of Plaintiff and any comparative fault of any other person over whom the United States had no control.

9. Plaintiff failed to mitigate her damages.

10. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in its initial claim presented to the United States Postal Service.

11. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a trial by jury.

12. Plaintiff's claim for prejudgment interest is prohibited under 28 U.S.C. § 2674.

13. Defendant is entitled to the benefit of the Minnesota No-Fault Insurance Act, Minn. Stat. § 65B.41 *et seq.*, and pursuant to Minn. Stat. § 65B.51, is entitled to have deducted from any recovery the value of basic or optional economic loss benefits paid or payable or which would have been payable but for any applicable deductible.

14. Plaintiff is not entitled to costs or attorney's fees pursuant to 28 U.S.C. § 2142.

15. Plaintiff is not entitled to recover damages that have been reimbursed or paid by a third party insurance provider.

16. Plaintiff's recovery, if any, is limited by the common and/or statutory law of the State of Minnesota.

17. The United States hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes that through discovery may become applicable.

WHEREFORE, the United States prays that the Plaintiff take nothing by way of her Complaint, for an order awarding the United States its costs and disbursements incurred in this action, and for all other relief to which it may be entitled.

Dated:  March 18, 2019

ERICA H. MacDONALD
United States Attorney

 s/ Adam J. Hoskins

BY:  ADAM J. HOSKINS
Assistant U.S. Attorney
Attorney ID Number 393157
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN  55415
Phone: 612-664-5600
adam.hoskins@usdoj.gov

Attorneys for Defendant